UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUNTER,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | No. 2:19-cv-01588-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition because it does not contain any cognizable claim for relief. ECF No. 9. Petitioner has filed an opposition to the motion. ECF No. 12. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss.

**I.    Facts**

Petitioner was convicted in the Kern County Superior Court on or about March 16, 2001 of three separate felonies. ECF No. 1 at 16, ECF No. 9 at 16. He was sentenced to a total determinate term of 24 years in prison. ECF No. 1 at 16. At the time that he filed the pending 28 U.S.C. § 2254 application, petitioner was in custody at the California Health Care Facility in Stockton, California. ECF No. 1 at 1. Petitioner's federal habeas corpus application challenges

CDCR's application of good time credits to his 2001 sentence. ECF No. 1 at 16-20. Petitioner argues that he is entitled to a 20% good time credit from the date of his 2001 criminal judgment pursuant to Proposition 57 and other provisions of California state law. ECF No. 1 at 16-20.

On October 21, 2019, respondent filed a motion to dismiss contending that petitioner does not cite to any "federal right or authority entitling him to federal habeas relief based on his perceived violation of state law." ECF No. 9 at 4; see also Cal. Code Regs. tit. 15, § 3043.2(b)(2) (2017).[1]

By way of opposition, petitioner asserts that he has a federally protected liberty interest in the good time credit authorized by Proposition 57. ECF No. 12. He then reiterates how he would be entitled to an earlier release date if the 20% good time credit was applied retroactively to the date of his 2001 criminal judgment. Id.

**II.    Federal Habeas Jurisdiction**

As an initial matter, the court construes petitioner's § 2254 application as a habeas petition filed pursuant to 28 U.S.C. § 2241 because he is only challenging the manner in which his sentence is being executed and not the validity of the underlying criminal judgment from the Kern County Superior Court. See Tucker v. Carlson, 925 F.2d 330, 331-32 (9th Cir. 1991) (stating that challenges to the manner in which a sentence is executed are maintainable only via habeas corpus petitions filed pursuant to 28 U.S.C. § 2241). So construed, jurisdiction is proper in this judicial district where petitioner is currently confined. See Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000) (holding that the district court erred in not addressing petitioner's claim that he was entitled to bring a § 2241 petition in the district of his confinement before it was transferred to the district of his conviction).

The court accepts the allegations in the habeas petition as true and assumes, without deciding, that petitioner would be entitled to an earlier release date if the good time credits allowed by Proposition 57 were applied retroactively to the date of petitioner's 2001 conviction.[2]

---

[1] As a matter of judicial economy, the court finds it unnecessary to address respondent's remaining arguments presented in the motion to dismiss.

[2] Compare Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (affirming the dismissal of a habeas corpus petition based on lack of jurisdiction where the expungement of a disciplinary violation

2

See Tucker v. Carlson, 925 F.2d at 331 (presuming that if petitioner was entitled to credit for time served in state custody then he would have been entitled to an earlier parole denial). Turning to the merits of petitioner's challenges to the computation of his good-time credits, the court concludes that all of the claims are based on state law and are thus not cognizable in this federal habeas corpus action. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Although petitioner attempts to cloak his state law claim in due process terms, merely placing a "due process" label on a claim does not transform it into a federal one. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not ... transform a state-law issue into a federal one merely by asserting a violation of due process."). The calculation of petitioner's actual release date is purely a matter of state sentencing laws. ECF No. 1 at 16 (arguing that petitioner is being held beyond his statutory release date). Petitioner's remaining claims for relief merely assert that the state courts' denial of his habeas petitions were all erroneous. ECF No. 1 at 21-26. Once again, petitioner challenges the state courts' application of state laws. See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (emphasizing that it is not the federal courts role to determine whether California applied its state laws and regulations correctly). Petitioner's claims are solely grounded in state law and are therefore not cognizable in this federal habeas action. Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

To the extent that petitioner asserts that he has a state created liberty interest in earning good time credits at 20% rather than 15%, this does not create a federal due process claim for relief. "[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 11 (1979) (noting that state statute providing "no more than a mere hope that the benefit will be obtained ... is not protected by due process"). The Ninth Circuit has yet to determine whether California law creates a liberty interest in good-

---

was not likely to accelerate petitioner's eligibility for parole).

time or any other type of credits. See <u>Edwards v. Swarthout</u>, 597 Fed. Appx. 914, 915-16 (9th Cir. 2014) (stating that the court has not had the occasion to decide whether California Penal Code § 2933 as amended in 2010 to allow receipt of good-time credits based on time served in prison creates a federally protected liberty interest and reversing summary dismissal of habeas petition under Rule 4). Therefore, at this juncture, it simply cannot be said that the failure to apply the good time credit provision of Proposition 57 retroactively resulted in any violation of federal law or the Constitution. See 28 U.S.C. § 2241(c)(3). For all these reasons, petitioner's federal habeas corpus application does not present any cognizable claim for relief. Accordingly, respondent's motion to dismiss should be granted.

### III. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion to dismiss, your opposition, as well as the claims presented in your habeas petition and concluded that your challenge to the CDCR's calculation of your good time credits is not a federal or constitutional claim for relief. As a result, there is no habeas remedy available for your claims. If you disagree with this recommendation, you have 30 days to file a written explanation why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted.
2. Petitioner's application for a writ of habeas corpus be dismissed with prejudice because it does not contain any cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment

in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hunt1588.mtd.docx

5